USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

170 MERCER LLC,

                Plaintiff,

-against-

RIALTO CAPITAL ADVISORS, LLC, a Delaware limited liability company, and WELLS FARGO BANK, NATIONAL ASSOCIATION, as TRUSTEE FOR MORGAN STANLEY CAPITAL I TRUST 2019-L2, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-L2,

                Defendants.

Civ. No. 20-2496 (AJN)

**STIPULATION AND PROPOSED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Documents or information disclosed will be held and used by the party receiving such information solely for use in connection with the action and not for any other purpose or in any other proceeding.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information, and the producing party shall have the burden of proving that the designation is proper. Any disputed designation shall remain unless and until otherwise ordered by the Court.

{8503278: }
309720162.2

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants, experts, or vendors assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   e. any others only by written consent of the parties..

5. Before disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If subsequently designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "Confidential," even where the failure to so designate was inadvertent and where the material is subsequently designated "Confidential."

7. If a party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

8. Any Personal Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and

confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Any producing party may redact from documents and things it produces any matter that the producing party claims is subject to attorney-client privilege, work-product immunity, a legal prohibition against disclosure, any other privilege or immunity, or that is sensitive business information that is irrelevant to this action. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED" and specify the basis for the redaction (e.g., privilege, Confidential, etc.) as appropriate. The producing party shall preserve an unredacted version of each redacted document.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Any producing party that inadvertently discloses or produces document(s) or ESI that it considers privileged or otherwise protected from discovery will give written notice to the receiving party, identifying the document(s) or ESI in question, the asserted privilege or protection, and the grounds therefore. In the event that any portion of the document(s) or ESI in question does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document(s) or ESI that omits the information that the producing party believes is subject to a claim of privilege or other protection.
   a. Upon receipt of notice of the assertion of privilege or protection over produced document(s) or ESI, the receiving party will:
      i. to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested document(s) and/or ESI in confidence pending resolution of the contest by the parties or the Court pursuant to the procedures concerning discovery disputes set forth in Paragraph 1 of this Court's Individual Practices. To the extent it is necessary to submit the dispute to the Court for resolution, the receiving party shall seek leave to file the contested document(s) and/or ESI under seal in accordance with the procedures set forth in Paragraph 13. The receiving party may not use the contested document(s) and/or ESI for any purpose absent this Court's order; and
      ii. to whatever extent the receiving party does not contest the assertion of privilege or protection, upon request, promptly certify in writing to the

producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonably diligence will not include disaster recovery media). In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court in accordance with the Court's Individual Rules.

b. The receiving party's return, sequestering, or destruction of documents as provided herein will not act as a waiver of its right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:
   i. the disclosure or production of the document(s) acts as a waiver of an applicable privilege or evidentiary protection;
   ii. the disclosure of the document(s) was not inadvertent;
   iii. the producing party did not take reasonable steps to prevent the disclosure of the document(s); or
   iv. the producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

13. No pleadings, motion, memoranda, affidavits, declarations, exhibits, transcripts or other papers that consist of, contain, or reflect "Confidential" information shall be filed with the Court unless and until the party has sought leave of court to file such documents or the portions thereof containing or reflecting "Confidential" information in redacted form or under seal in accordance with Paragraph 4.B of this Court's Individual Practices.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

16. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

17. This Order will survive the termination of the action and will continue to be binding upon all persons subject to this Order to whom Confidential documents are produced or disclosed.

18.     The parties agree to be bound by the terms of the Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

19.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[Remainder of the Page is Blank]

SO STIPULATED AND AGREED:

Dated: Garden City, New York
       May 10, 2021

CORDOVA & SCHWARTZMAN LLP

By: _____
    Jonathan B. Schwartzman
    666 Old Country Road, Suite 700
    Garden City, New York 11530
    Phone: 516-741-0070
    Email: jschwartzman@cordovaschwartzman.com
    Attorneys for Plaintiff

K&L GATES LLP

By: _____
    David E. Fialkow
    State Street Financial Center
    One Lincoln Street
    Boston, MA 02111
    Phone: 617-26103126
    Fax: 617-261-3175
    Email: david.fialkow@klgates.com

    Priya Chadha
    599 Lexington Avenue
    New York, New York 10022
    Phone 212-536-3905
    Fax: 212-536-3901
    Email: priya.chadha@klgates.com
    Attorneys for Defendants

SO ORDERED.

Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant. SO ORDERED.

_____
Hon. Alison J. Nathan
United States District Judge
6/23/2021

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)